UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEANNE-MARIE HERRINGTON,

                    Plaintiff,                    No. 05-CV-74424-DT

vs.                                              Hon. Gerald E. Rosen

AGENTS FOR INTERNATIONAL
MONETARY FUND, et al.,

                    Defendants.
_____/

MEMORANDUM OPINION AND ORDER DISMISSING
CASE FOR LACK OF SUBJECT MATTER JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____December 7, 2005_____

PRESENT:   Honorable Gerald E. Rosen
                    United States District Judge

     Plaintiff Jeanne-Marie Herrington, acting *pro se*, filed her Complaint in the above-

captioned action on November 21, 2005.  Although Plaintiff alleges Admiralty/Maritime Law

as the basis for federal subject matter jurisdiction, admiralty jurisdiction exists only if the

complained of incident occurred on navigable waters or is substantially related to traditional

maritime activity.  *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S.

527, 533 (1995); *Sisson v. Ruby*, 497 U.S. 358, 364 (1990).  It is plain from the face of

Plaintiff's Complaint that neither admiralty nor maritime law is implicated:  There are no

allegations in Plaintiff's Complaint of any maritime activities, no allegations of any incident

1

having occurred on navigable waters of the United States, and no suggestion that any maritime vessel (i.e., boat, ship, barge, etc.) is implicated. Further, although among the various defendants listed in her case-caption Plaintiff named the International Monetary Fund, the District Director of the Internal Revenue Service, and the Secretary of the Treasury as party-defendants, there are no actions alleged within the Complaint that would implicate either federal official, any of the agencies over which they preside, or any federal or international law pertaining thereto. Therefore, there is no "federal question" jurisdiction for this action. (Nor is diversity jurisdiction present. The "State of Michigan" is one of the parties named as a defendant. Since Plaintiff is a citizen of the State of Michigan, complete diversity among the parties is lacking.)

There being no federal question and no diversity jurisdiction presented, this Court lacks subject matter jurisdiction to consider Plaintiff's Complaint.

Furthermore, based upon the Court's review of Plaintiff's Complaint and other public information available to the Court and of which the Court takes judicial notice, it is clear that Plaintiff is in actuality attempting to challenge Judgments entered against her by the Circuit Court for Jackson County, Michigan. Although Plaintiff states in her ¶ 11 of her Complaint that her claim arises out of three "maritime liens. . . perfect[ed] in the Jackson County Court House, Jackson County, Michigan" -- identified in the Complaint as "serial number[s] 023780FY, 0200686FH, and 030351FY" -- these are actually Jackson County Circuit Court criminal case numbers for criminal actions brought against Jeanne Marie Herrington in November-December 2002 arising out felony charges (use of false pretenses with intent to

defraud property valued at $20,000 or more) to which Ms. Herrington pled guilty on January 31, 2003.  *See* Jackson County Court Cases, Jackson County, Michigan website at http://68.23.73.15/jc_cases._detail.php.

Under the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and their progeny, this Court lacks jurisdiction to entertain Plaintiff's action which seeks to overturn the Jackson County Circuit Court orders and judgment.

The Supreme Court's decisions in *Rooker, supra*, and *Feldman, supra*, taken together, stand for the proposition that the inferior federal courts lack the authority to perform, in effect, what would be an appellate review of state court decisions.  This now well-settled rule has become known as the *Rooker-Feldman* doctrine.  In *Rooker*, the Court held that the inferior federal courts lacked jurisdiction to entertain a proceeding to reverse or modify a state court judgment since it would be an exercise of appellate jurisdiction and the jurisdiction possessed by the federal district court is strictly original.  263 U.S. at 414-17.

In *Feldman*, the plaintiff submitted to the District of Columbia Court of Appeals a petition for admission to the bar of the District of Columbia after he had been refused the right to take the bar examination because he had not graduated from an approved law school, as required by the District of Columbia rules.  After the District of Columbia Court of Appeals denied the plaintiff's petition, he brought an action in a federal district court alleging that he had a right to take the bar exam pursuant to the Fifth Amendment, and that, denying him this right, due to his law school's lack of accreditation, was a violation of the Fifth Amendment

3

and the Sherman Act.  In finding that the federal district court had no jurisdiction over this matter, the U.S. Supreme Court held that plaintiffs seeking review of state court decisions must first exhaust the appellate review available to them at the state court level and then, they may appeal only to the United States Supreme Court.  *Feldman*, 460 U.S. at 486.

The Supreme Court recently re-affirmed and clarified the contours of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, ___ U.S. ___, 125 S.Ct. 1517, 2005 WL 711586 (Mar. 30, 2005):

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: **cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.**

2005 WL 711586.

The Court explained that, in such a case,

> [The U. S. Supreme Court's] appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e.g., § 1330 (suits against foreign states), § 1331 (federal question) and § 1332 (diversity).

*Id.*

Application of the *Rooker-Feldman* doctrine here precludes this Court from exercising jurisdiction over Plaintiff's action.  Plaintiff's recourse is to file an appeal within the Michigan State Court system and after exhausting state court appellate review to appeal to the United States Supreme Court

For all of the reasons stated above,

4

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED, without

prejudice.[1]

                                s/Gerald E. Rosen

                                Gerald E. Rosen

                                United States District Judge

Dated:  December 7, 2005

---

[1]  It further appears to the Court that Plaintiff's Complaint was filed in violation of Fed. R. Civ. P. 11 and is sanctionable thereunder.  Rule 11 provides, in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge information and belief, formed after an inquiry reasonable under the circumstances, --
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law; [and]
> >
> > (3) the allegations and other factual contentions have evidentiary support . . .

Fed. R. Civ. P. 11(b).

Subsection (c) of the Rule authorizes the Court to impose an appropriate sanction upon an attorney or a party who violates subsection (b) "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," which may include payment of a monetary penalty.

Plaintiff is hereby put on notice that any further filing of a pleading that contains allegations that do not have evidentiary support may subject her to Rule 11 sanctions.

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager